UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWYANE M. WRIGHT, | No. 2:25-cv-00689-TLN-CKD (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SHAN, et al., | |
| Defendants. | |

Plaintiff Dwyane M. Wright, who proceeds without counsel, initiated this action by filing a fee-paid complaint on February 27, 2025. (ECF No. 1.) On July 1, 2025, plaintiff filed a first amended complaint. (ECF No. 8.) Plaintiff requested an extension of time to serve defendants on July 23, 2025 (ECF No. 12), which the Court granted (ECF No. 13). On November 6, 2025, plaintiff filed a motion to consolidate cases, which is now before the Court. (ECF No. 16.) For the reasons that follow, the Court recommends denying plaintiff's request to consolidate cases, but recommends relating the cases.

I. **Legal Standards**

Federal Rule of Civil Procedure 42(a) allows courts to consolidate actions involving a common question of law or fact. "The district court has broad discretion under this rule to consolidate cases pending in the same district." Inv. Rsch. Co. v. United States Dist. Ct., 877 F.2d 777, 777 (9th Cir. 1989). The party seeking consolidation bears the burden of proving

1

consolidation is appropriate. Single Chip Sys. Corp. v. Intermec IP Corp., 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007). Thus, the moving party must establish that the judicial economy and convenience associated with the consolidation outweighs any prejudice. Id. The "main question" the court must address is whether common questions of law or fact exist between the cases. Id. Then, the court must weigh the saving of time and effort consolidation would produce against any inconvenience, delay, or expense it could cause. Id.

This Court's Local Rules also allow for cases to be related (rather than consolidated). Local Rule 123 states:

> **(a) Definition of Related Cases.** An action is related to another action within the meaning of this Rule when
>
> (1) both actions involve the same parties and are based on the same or a similar claim;
> (2) both actions involve the same property, transaction, or event;
> (3) both actions involve similar questions of fact and the same question of law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or
> (4) for any other reasons, it would entail substantial duplication of labor if the actions were heard by different Judges or Magistrate Judges.

Local Rule 123(c) provides that

> Following the filing of a Notice of Related Cases, the Chief Judge or a Judge designated by the Chief Judge may, by special order, reassign either action to any Judge or Magistrate Judge sitting in the Eastern District of California as the situation may dictate. If the Judge to whom the action with the lower or lowest number has been assigned determines that assignment of the actions to a single Judge is likely to effect a savings of judicial effort or other economies, that Judge is authorized to enter an order reassigning all higher numbered related actions to himself or herself.

II.  **Discussion**

Here, plaintiff seeks to consolidate this case with three other cases in this Court: Wright v. Long, Case No. 2:25-cv-00690-DC-JDP, Wright v. Elk Grove Federal Probation Office, et al., Case No. 2:25-cv-00691-DAD-AC, and Wright v. Mariam et al., Case No. 2:25-cv-00692-DC-CSK. (ECF No. 16.)

Plaintiff's motion is one page long, and he seeks to consolidate because "[t]his way everything is field [*sic*] in a timely manner[.]" (ECF No. 16.) Plaintiff has not met his burden to

show that "judicial economy and convenience associated with the consolidation outweighs any prejudice." See Single Chip Sys. Corp., 495 F. Supp. 2d at 1057. The Court notes that case Wright v. Long, Case No. 2:25-cv-00690-DC-JDP, was closed on June 25, 2025, after the district judge adopted the findings and recommendation which recommended that the case be dismissed without leave to amend. Wright v. Long, Case No. 2:25-cv-00690-DC-JDP, ECF Nos. 7, 8.

Plaintiff has filed the same first amended complaint in each of his four cases in this court. Further, the three active cases are against the same defendants: Shan, Elk Grove Federal Parole Office, Michael D. Long, and Mariam. See Wright v. Shan et al., Case No. 2:25-cv-00689-TLN-CKD, Wright v. Elk Grove Federal Probation Office, et al., Case No. 2:25-cv-00691-DAD-AC, Wright v. Mariam et al., Case No. 2:25-cv-00692-DC-CSK.

While the Court finds consolidation inappropriate, in light of the foregoing the Court recommends that the following three cases be related: Wright v. Shan et al., Case No. 2:25-cv-00689-TLN-CKD, Wright v. Elk Grove Federal Probation Office, et al., Case No. 2:25-cv-00691-DAD-AC, Wright v. Mariam et al., Case No. 2:25-cv-00692-DC-CSK.[1] Plaintiff's cases appear to involve the same parties and are based on the same or a similar claim because the first amended complaints are the same in each case. Assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort. See Local Rule 123(a).

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's motion to consolidate cases (ECF No. 16) is GRANTED in part;
   a. Plaintiff's request to consolidate cases Wright v. Shan et al., Case No. 2:25-cv-00689-TLN-CKD, Wright v. Long, Case No. 2:25-cv-00690-DC-JDP, Wright v. Elk Grove Federal Probation Office, et al., Case No. 2:25-cv-00691-DAD-AC, and Wright v. Mariam et al., Case No. 2:25-cv-00692-DC-CSK is denied.
   b. Instead, the Court recommends cases Wright v. Shan et al., Case No. 2:25-cv-00689-TLN-CKD, Wright v. Elk Grove Federal Probation Office, et al., Case No. 2:25-cv-00691-DAD-AC, and Wright v. Mariam et al., Case No. 2:25-cv-

---

[1] Wright v. Long, Case No. 2:25-cv-00690-DC-JDP should not be related or consolidated because it is closed.

    00692-DC-CSK be related and assigned to the same District Judge and Magistrate Judge.

  c. The Court recommends Case <u>Wright v. Long</u>, Case No. 2:25-cv-00690-DC-JDP not be related because it is closed;

 These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: December 15, 2025

             */s/ Carolyn K. Delaney*
             CAROLYN K. DELANEY
             UNITED STATES MAGISTRATE JUDGE

5, wrig.0689.25